MARY FOX, ADMINISTRATRIX, vs. CHARLES D. KINNEY.

Third Judicial District, Bridgeport, Oct. Term, 1899. ANDREWS, C. J.,
TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

A finding will not be corrected unless the change requested was an ad-
mitted or undisputed fact, and is necessary to present a question of
law which was decided adversely to the appellant.

The person in charge of a dangerous work is bound to use reasonable
care to warn others at work in that locality of the danger, and the
latter are justified in assuming that such care will be exercised.

Where the question of the defendant's liability in an action of negligence
depends solely upon whether he acted as a reasonably prudent man
should act under the special circumstances of the case, the conclu-
sion or inference as to negligent conduct drawn by the trial court
cannot be reviewed by this court upon appeal. In such cases the
measure or standard of duty and the extent of performance are so
interwoven as to constitute a single, indivisible question of fact, the
determination of which by the trial court is conclusive.

Argued October 25th—decided November 28th, 1899.

ACTION to recover damages for personal injuries resulting
in the death of the plaintiff's intestate, brought to the Dis-
trict Court of Waterbury and thence by appeal to the Supe-
rior Court in New Haven County and heard in damages to
the court, *Roraback, J.;* facts found and judgment rendered
for the plaintiff for $3,000 damages, and appeal by the de-
fendant for alleged errors in the rulings and findings of the
court. *No error.*

It appears that the defendant was a mason and builder,
and on the day of the alleged injury was engaged as con-
tractor in erecting a dwelling-house at Lenox, Massachusetts.
The carpenter and plumbing work were sublet, while the de-
fendant himself did the mason work. On the morning of
said day the house was about completed externally, the chim-
neys having been just finished by the defendant's workmen,
but the interior work on the house was then in progress.
The defendant's son, Charles H. Kinney, was in charge of
his workmen, and shortly before the injury had ordered his

men to take down the stagings which were then around the chimneys of the house, and knew that the work was of a dangerous character. About twenty workmen were employed in different capacities on the place, and it was sleeting and a strong wind was blowing. Said Charles H. Kinney was standing in front of the house instructing his men, and had a clear view of every part of the ground in front of the building, and of his workmen. One of the latter on the roof picked up a plank about five feet long, and shouted to Kinney that he was about to throw it down, and after waiting a short time did throw the plank to the ground. Kinney heard this warning and saw his man about to throw the plank. The workman on the roof could not see the ground where the plank would strike. It struck James T. Fox, the plaintiff's intestate, inflicting an injury from which he died. Fox was on that day employed as a plumber, on the interior work of the house; he had left the house for a purpose connected with his work, and when he was struck was walking along the front of the house in the course of his employment, exercising reasonable care and ignorant of the existing danger. Kinney saw Fox approaching and gave him no warning of any kind, either before or after the workman on the roof had shouted that he was about to throw the plank, although there was ample opportunity to do so after his workman had shouted and before the plank was thrown. Kinney was not warranted by the facts and circumstances in supposing that Fox intended to re-enter the house before reaching the place of danger.

The court found that Kinney was guilty of negligence imputable to the defendant, and that Fox was not guilty of contributory negligence.

The finding contains other details, and purports to state all the circumstances of the transaction, so far as they can be found as facts.

There were motions to correct the finding, and exceptions to the refusal of the court to find that Kinney supposed Fox was about to re-enter the house before reaching the place of

danger, and did not believe that he was going where the plank could strike him.

The appeal claims a correction of the finding, and assigns errors in law in the rulings of the court that Kinney was guilty of negligence, that under all the circumstances appearing in evidence Kinney should have given Fox warning, and that neglect to give Fox warning was a principal element of negligence and imputable to the defendant; and also in the overruling by the court of the defendant's claims, that the proximate cause of the injury was the result of Fox putting himself into a place of peril, and that Kinney had a right to assume that the dangers were obvious to Fox.

*James H. Webb*, for the appellant (defendant).

*Lucien F. Burpee* and *Terrence F. Carmody*, for the appellee (plaintiff).

HAMERSLEY, J. The defendant is not entitled to a correction of the finding. The fact specially relied on in his exceptions is not an " admitted or undisputed fact;" nor is its statement in the finding necessary to present a question of law decided adversely to the appellant. *Hoadley* v. *Savings Bank of Danbury*, 71 Conn. 599, 612.

The main contention of the defendant is, that the ultimate conclusion of negligence has been drawn from specified subordinate facts which are legally incompetent to support it. In reaching this conclusion the trial court did not violate any principle of law. It assumed that it is the legal duty of a person in charge of a dangerous work at a place where many people are engaged in other work, to use reasonable care, which in such case is a high degree of care, to warn others against approaching the place of danger; and that a workman employed about the construction of a building is justified in assuming that those in charge of the different departments of work will exercise reasonable care in execution.

The soundness of these propositions is unquestionable; and they are the only general propositions involved in the con-

Fox *v.* Kinney.

clusion of the court, unless there is involved, as claimed by the defendant, the proposition that even a conclusion of fact from subordinate facts must not violate the clearly settled rules of sound reasoning. It is true that if any of the facts found were such as to render the conclusion of negligence a palpable *non sequitur*, there would be error. If upon this finding the court had held that there was no negligence on the part of the defendant, there might be ground for the plaintiff to claim such decision to be absolutely inconsistent with some of the facts found; but there is no ground for the defendant's assertion that the conclusion of negligence cannot legally be deduced from these facts. The trial court, therefore, having adopted correct general principles of law, its error, if any, must consist in ascertaining from the whole mass of evidence the precise character of the conduct of the parties under the particular circumstances of this case, testing that conduct by what the experience of the judge teaches him men of ordinary prudence would do under similar circumstances, and in drawing the inference of liability from the conduct so ascertained. It is plain that the inference thus drawn by a trial judge, although in its nature an inference of law, cannot be reviewed; simply because it is practically inseparable from the inference of fact drawn from the evidence, and so it is impossible to put the reviewing court in the place of the trial court in respect to the facts and circumstances from which the inference is drawn.

This case comes within the rule established in *Farrell* v. *Waterbury H. R. Co.*, 60 Conn. 239, 257, and in *Nolan* v. *New York, N. H. & H. R. Co.*, 70 id. 159, 191. "In such cases the inference of the trial court is a conclusion upon the questions of the measure of duty and the extent of performance, which are from the nature of the case so interdependent as to constitute, for purposes of review, a single, indivisible question of fact, and the conclusion is therefore final." *Lawler* v. *Hartford Street Ry. Co.*, *ante*, pp. 74, 80.

There is no error in the judgment of the Superior Court.

In this opinion the other judges concurred.