MARY RITTENHOFFER ET AL., DEFENDANTS IN ERROR, v. WILLIAM CUTTER, PLAINTIFF IN ERROR.

Submitted March 25, 1912—Decided June 20, 1912.

In a civil action for damages for assault and battery committed by defendant in arresting the plaintiff, where the defendant pleads justification—the controverted issue on trial being the use of excessive force by the defendant—and where no moral element or element of malicious intent on the part of the defendant is involved, evidence of the reputation of the defendant as to peacefulness is not admissible in his behalf.

---

On error to the Middlesex Circuit Court.

For the plaintiff in error, *Charles C. Hommann.*

For the defendant in error, *Thomas Brown.*

The opinion of the court was delivered by

VREDENBURGH, J. This action was brought to recover damages for an assault and battery upon Mary Rittenhoffer,

one of the plaintiffs (the wife), committed by the defendant in arresting her while she was trespassing upon his land engaged in collecting pieces of wood with intention, apparently, to appropriate them to her own use without his consent.

To a declaration charging the defendant with assault and battery upon the said Mary Rittenhoffer, he plead (in addition to other pleas), specially, justification, to the effect that the said Mary did steal, take and carry away a quantity of firewood, the property of the defendant, wherefore he, who had view of the said offence, and his servant, at his request, gently laid their hands on the plaintiff and did take her into their custody so that they might carry and convey her before a justice of the peace of the county of Middlesex to answer the premises. That, the plaintiff vigorously resisting, they then and there bound her hands with a cord, and caused her to be carried and conveyed a distance of two miles to Perth Amboy. The declaration contains no averment that the defendant was actuated by malice or immoral purposes in the commission of the assault complained of.

The real issue presented by the pleadings, and actually tried before the court and jury, as the record shows, was whether the defendant and his servant in making the arrest, had, as the plea avers, laid their hands on the plaintiff "gently," or had used excessive force and violence in so doing.

We do not, after examination of the whole case, find that the trial court committed legal error in any judicial action embraced within the assignments of error. The only assigned error which seems to us, in disposing of the case, to present a question requiring consideration here is the refusal of the trial judge to charge the jury, upon the request of the defendant, that the jury might take into their consideration the reputation of the defendant as to peacefulness and law abiding disposition.

In civil actions for damages for assault and battery founded upon the arrest of the plaintiff by defendant, where justification is plead, and the question as to the use of unnecessary or excessive force in its making is the only issue, and where

no moral element,.or element of malicious intent on the part of the defendant is involved, evidence of the reputation of the defendant for peacefulness is not admissible.

Professor Wigmore, in his late work on *Evidence,* volume 1, section 64, states the general rule to be that the character of a party in a civil cause is not admissible, *i. e.,* "that it cannot be used (as it is used for or against a defendant in a criminal case) to indicate the likelihood that the act in issue was or was not done." Among the decisions in support he refers to the case of *Thompson* v. *Church,* 1 *Root (Conn.)* 312, which was a *qui tam* action for an assault; the defendant's character as a malicious, quarrelsome man was rejected by the court, and it was said there that "the general character is not in issue; the business of the court is to try the case, and not the man; and a very bad man may have a very righteous cause." So, we may add, a very good man may assert a clear, legal right in a very illegal and culpable manner.

The case of *Markey* v. *Angell,* 22 *R. I.* 343—holding that in trespass for assault and battery evidence that defendants are men of peaceable character is inadmissible—sustains this general rule. The opinion there expressed by the court emphasizes the distinction to be observed where a bad motive or malice is involved, and draws attention to the case of *Lander* v. *Seaver,* 32 *Vt.* 114. In this last-cited case the defendant was a schoolmaster, and the suit was brought for excessive punishment of the plaintiff, a pupil. Granting the right of a schoolmaster to punish scholars, the claim was made that the punishment in this case was excessive and malicious. The court held that the only question at issue in the case was whether the punishment inflicted by the master was excessive, not whether it was inflicted from malice; but added, *obiter dicta,* that in cases where the existence of *malicious motive* is the issue, evidence of character might be admissible.

The same author proceeds to say that certain reasons (given by him in the text) seem to justify the fixed policy of our law in excluding the character of the parties to a civil cause when

offered to prove or disprove the doing of an act, and "that it is possible, however, to maintain that the reasons of policy should be yielded to in *ordinary* civil cases *only;* and that where a *moral* intent is marked and prominent in the nature of the issue, the defendant's good moral character should be received as in criminal cases; that this view has in more modern opinions seemed to gain ground." .

· Among the pertinent decisions sustaining the general rule against the admissibility of such evidence are, *Attorney-General* v. *Radloff,* 10 *Exch.* 97, where it is declared that "in *criminal* cases evidence of the good character of the accused is most properly and with good reason admissible in evidence, because there is a fair and just presumption that a person of good character would not commit a crime. But in *civil* cases such evidence is with equal good reason not admitted, because no presumption would fairly arise in the very great proportion of such cases from the good character of the defendant that he did not commit the breach of contract, or *civil duty,* alleged against him." *Etting* v. *Bank,* 11 *Wheat.* 59; *Stow* v. *Converse,* 3 *Conn.* 345; *Smets* v. *Plunket,* 1 *Strob.* 372; *Wright* v. *McKee,* 37 *Vt.* 163.

In this last-cited case the court says: "Many considerations concur in rejecting such evidence in civil cases. Evidence of this character is uncertain in its nature, both because the true character of a large portion of mankind is ascertained with difficulty, and because those who are called to testify are reluctant to disparage their neighbors—especially if they are wealthy, influential, popular, or even only pleasant and obliging. The introduction of such evidence in civil causes wherever character is assailed would make trials intolerably long and tedious and greatly increase the expense and delay of litigation. It is a kind of evidence that is easily manufactured, is liable to abuse, and if in common use in the courts, is as likely to mislead as to guide aright."

. These views commend themselves to us. *Porter* v. *Seiler,* ·23 *Pa.* 424, 429; *Anthony* v. *Grand,* 101 *Cal.* 235; *Day* v. *Ross,* 154 *Mass.* 14; *Fahey* v. *Crotty,* 63 *Mich.* ·383; *Geary*

v. *Stevenson,* 169 *Mass.* 23—this case holds that in an action for false imprisonment the plaintiff's character is inadmissible even though the offence set up in justification involves a crime.

In the case *sub judice,* there was neither allegation nor evidence tending to show that the defendant, in arresting the plaintiff, was actuated by either immoral or malicious motives, nor by any other than a lawful purpose, nor do such motives appear in the circumstances of the assault and battery which the jury have found he committed upon the plaintiff in arresting, detaining and conveying her before a magistrate; but there was ample evidence to warrant the jury in finding that the defendant had, in accomplishing the arrest, used unnecessary and excessive violence.

The judgment below should be affirmed.

*For affirmance*—THE CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, KALISCH, BOGERT, VREDENBURGH, VROOM, CONGDON, WHITE, TREACY, JJ. 15.

*For reversal*—None.