FREDERICK QUELLMALZ, EXECUTOR, ETC., OF EDITH M. QUELLMALZ, DECEASED, RESPONDENT, v. ATLANTIC COAST ELECTRIC RAILWAY COMPANY, APPELLANT.

Submitted March 22, 1920—Decided June 14, 1920.

On the trial of an issue whether the blowing out of the controller box on a trolley car was due to negligent maintenance of the box and the electric equipment connected therewith, evidence that for three years the defendant trolley company, owner of the car, had not purchased any new controller boxes, is irrelevant and incompetent, and its admission is harmful error.

---

On appeal from the Supreme Court.

For the appellant, *Durand, Ivins & Carton* and *Robert H. McCarter*.

For the respondent, *Charles E. Cook*.

The opinion of the court was delivered by

PARKER, J. The plaintiff's testatrix, while a passenger on an open trolley car operated by defendant, was frightened by a sudden blowing out of the controller box, with accompanying smoke, flame and noise, and either jumped or fell from the car, sustaining injuries which caused her death. Questions of negligence and contributory negligence, being concededly for the jury, are not raised on this appeal, the sole matters of law discussed relating to rulings on the admission of testimony.

The complaint counted on negligence of the defendant company, both in operation of the car and in maintaining the electrical apparatus operating it in a defective condition. The rulings in question bear on the latter issue.

The first group of rulings brought up relates to various questions asked of the motorman, called for the defendant, on his cross-examination. These were directed to ascertaining the extent of his experience, his knowledge of the electrical equipment, and especially what, in his opinion, caused the blowout. It is argued that he should not be questioned on cross-examination as though he were an expert witness for the plaintiff, nor be cross-examined on matters not covered by the examination-in-chief; and to these general propositions we give our assent; but on taking up the specific rulings complained of, we cannot find a single instance of a specific objection made in due time, adversely ruled and excepted to, and properly assigned for error.

In this aspect of the case, therefore, there is nothing properly before us for review.

The other group of questions was asked on the cross-examination of the defendant's witness Trimmer, who testified to the good condition of the controller and accessories. On cross-examination he was asked:

"*Q.* In the last few years has the company had any rolling stock equipment—any new?"

This was objected to, but no ground of objection was stated, so the exception to its admission is technically valueless. But it was followed up thus:

"*Q*. Isn't it a fact that it is known to you that the equipment of the road has been allowed to deteriorate?"

This was also objected to, and counsel stated:

"I withdraw the question and apply it to the equipment in question—the controller box and equipment."

In that form, however, it was not answered, and the examination proceeded:

"*Q*. Isn't it a fact that in the last three years there has been no new equipment relating to controller boxes and controller equipment purchased and used by the Atlantic Coast Electric Railway Company?"

This was objected to as immaterial and irrelevant, admitted, and exception noted.

"*A*. No, sir."

The answer was apparently ambiguous, and plaintiff's counsel cleared it up as follows:

"*Q*. There have been no new equipment or controller boxes purchased?

"*A*. No, sir.

"The Court—You may strike from the record and the jury are now directed to pay no attention to the testimony with respect to renewal of equipment generally of this road. The testimony with respect to controller boxes that has just been placed upon the record may stand." [Exception prayed and allowed.]

The Supreme Court, in dealing with this testimony on appeal, justified its affirmance of the judgment in the Circuit Court on the verdict by holding that the testimony was limited by the trial court to the controller boxes on the particular car; but we are unable to accede to this view. It seems entirely plain to us that over the objection and exception of counsel for the defence, the plaintiff was allowed to elicit testimony that no new controller boxes had been purchased for the past three years, not merely for the particular car, but for any car operated by the defendant on its road. This was both immaterial and irrelevant, and was plainly harmful to defendant as tending to create in the mind of the jury an impression of negligence in the maintenance of the particular

car, predicated on failure to purchase new controller boxes for other cars. It was immaterial, because there was nothing in the case, so far as we read it, to show that a controller would wear out or become defective in three years; it was irrelevant, under the well-recognized rule of evidence that other acts of negligence, like other crimes, are not evidential to show the commission of the particular act of negligence or particular crime. *Steph. Dig. Ev., art.* 10; 17 *Cyc.* 279; *State* v. *Raymond,* 53 *N. J. L.* 260, 264; *Fishman* v. *Consumers Brewing Co.,* 78 *Id.* 300; *Warner* v. *New York Central Railroad Co.,* 44 *N. Y.* 465, 471, 472; *Gahagan* v. *Railroad Co.,* 1 *Allen* 187; *Maguire* v. *Railroad Co.,* 115 *Mass.* 239. The proper inquiry was as to the alleged negligence in maintenance and operation of the particular car, not of other cars, or even cars generally. Evidence of general neglect, if this testimony tended to prove that, was beside the mark, and, as we have said, was harmful error. For this reason the judgment must be reversed and the case sent back for a new trial.

*For affirmance*—BLACK, WILLIAMS, JJ.    2.

*For reversal*—THE CHIEF JUSTICE, SWAYZE, PARKER, MINTURN, WHITE, HEPPENHEIMER, TAYLOR, GARDNER, ACKERSON, JJ.    9.