HARVEY D. GOUSE, PLAINTIFF-RESPONDENT, v. ALFRED T. ROWE, DEFENDANT-APPELLANT.

Decided November 21, 1923.

**Contracts—For Services Rendered and for Expenses Incurred— Contract Entered Into in New York—Refusal to Admit Certain Testimony—Contracts Made and Valid in Another State, but Contrary to Public Policy in New Jersey, Discussed.**

On appeal from the Hudson Circuit.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

For the plaintiff-respondent, *Harry Green.*

For the defendant-appellant, *Mark Townsend.*

PER CURIAM.

This is an appeal by the defendant-appellant from a judgment entered in the Hudson County Circuit Court, and a jury, in favor of the plaintiff-appellee.

The action was commenced by a writ of attachment issued out of said court under the 1901 Attachment act, and thereafter defendant entered an appearance, plaintiff served a declaration upon him, and the action proceeded as if it had been commenced by summons.

The action was based upon two counts, one for services rendered by plaintiff as an adjuster in settling certain claims for defendant, upon an agreement to pay five per cent. of the gross amount of said settlements, and the other for services and expenses incurred at the special instance and request of defendant.

It will appear from the evidence that plaintiff was a layman and defendant a lawyer of New York; that plaintiff was formerly in the employ of defendant at a fixed salary; that said employment terminated, and defendant engaged plaintiff in the State of New York to negotiate settlements on actions pending in court, and agreed to pay him on the basis of five per cent. of the gross amount of the settlements, first having deducted the expenses, which agreement defendant denies *in toto;* that plaintiff also rendered additional services and incurred expenses for which he seeks to recover in this suit.

The first ground of reversal urged is that the court erred in refusing to permit the defendant to testify to a conversation which he had with the plaintiff in January, 1922. We think the question was improper. The question was, "Tell us what it was you told him and what reply he made to it." *A.* "I told him, or rather I asked him, whether it was true that trouble that he had out in New Brunswick, and whether he had done this widow out of $3,500." At this point he was stopped by the court, and the answer was properly excluded, since the conversation which the witness was about to relate had no bearing whatever upon the subject-matter

of the litigation, and was apparently merely an attempt to blacken the character of the plaintiff.

The next point argued is that the court erred in charging the jury that the contract sued on having been made in New York was valid, and that the laws of that state governed it. The argument is that this is only measurably true, and that if the contract is against the public policy of New Jersey, it would not be enforceable in this state, although valid in New York. The question to us seems academic, for we can perceive nothing in the contract which can be said to be against the public policy of this state.

It is also contended that the court erred in charging the jury that "It is a rule of law that, if one person does work for another under no agreement as to the amount of compensation, he is entitled to be compensated for the work with a sum that the services are actually worth." This statement of the legal rule was made in connection with the plaintiff's claim that he performed other work for the defendant at the request of the defendant, included in his claim, but that no agreement as to the amount of compensation for that work was made between the parties. Under these circumstances the instruction was legally correct upon the point to which it was directed.

We can perceive nothing in the record which would warrant a reversal, and therefore the judgment is affirmed.