### John Peterson vs. Charles Thomas.

Third Judicial District, New Haven, January Term, 1927.

Wheeler, C. J., Curtis, Maltbie, Haines and Hinman, Js.

Under the rules (Practice Book, p. 276, § 151) the ground of objection made by a party to the admission of evidence, claimed upon appeal to be erroneous, must appear in the record.

Evidence that the plaintiff's wife was obliged to go to work in order to meet the expenses occasioned by his injuries was inadmissible either in proof of special damage or to show the extent of the injuries; but in view of the trial court's finding that it had no effect upon the judgment rendered, its admission was harmless.

Facts will not be added to a finding unless they are admitted or undisputed and are necessary to present a question of law decided adversely to the appellant.

Where, in an action of negligence, the measure or standard of the defendant's duty and the extent of his performance of it are so interwoven as to constitute a single, indivisible question of fact, the trial court's determination is conclusive.

Argued January 19th—decided March 2d, 1927.

ACTION to recover damages for personal injuries, alleged to have been caused by the defendant's negligence, brought to the Superior Court in Fairfield County and tried to the court, *Baldwin, J.;* judgment for the plaintiff for $3,500, and appeal by the defendant. *No error.*

*Louis M. Altman,* for the appellant (defendant).

*William F. Tammany,* for the appellee (plaintiff).

CURTIS, J. The defendant claims that the court erred in its refusal to make certain corrections in the finding, and in its rulings as to the negligence of the defendant and the lack of contributory negligence of the plaintiff. There was a ruling admitting evidence and an exception thereto discussed by the defendant. This ruling, which admitted evidence tending to prove that plaintiff's wife, because of his injuries, had to go to work and so continued until he had recovered and still is working in order to pay bills contracted as a result of his injury, was an erroneous admission of evidence in proof of special damage incurred, or to show the extent of the plaintiff's injury. The error cannot be taken advantage of by the defendant, because this matter was not pleaded as an element of special damage, and, further, the defendant's ground of objection does not appear as a matter of record. Practice Book, p. 276, § 151; *Welbrot* v. *Levenberg,* 98 Conn. 217, 118 Atl. 911. If the defendant could take advantage of this error, the finding, paragraph sixteen, shows that the court neither considered nor found this as an element of special damage, hence the error was harmless.

The defendant is not entitled to corrections of the finding other than as granted by the trial court, since

the additional facts which it is sought to have included in the finding are not admitted or undisputed facts, nor are they necessary to present a question of law decided adversely to the appellant. *DeFeo* v. *Hindinger,* 98 Conn. 578, 120 Atl. 314; *Ross v. Stamford,* 88 Conn. 260, 264, 91 Atl. 201.

The record discloses that the court found in detail the conduct of the parties under the following general circumstances: On January 16th, 1925, at about 8:15 in the evening, the plaintiff, walking easterly on Cedar Street in Norwalk, was approaching West Avenue in order to cross to the side of the trolley tracks which ran north and south on West Avenue to take a trolley car. As he advanced into West Avenue he saw an automobile approaching on his right and the automobile of the defendant approaching on his left, each about one hundred feet away; the plaintiff then, for safety, turned about and returned to the sidewalk which he had left and as he stepped upon it the automobile of the defendant was driven upon the sidewalk and into the plaintiff, severely injuring him.

Under these general conditions there was presented to the trial court a situation where its inference of defendant's responsibility was " 'a conclusion upon the questions of the measure of duty and the extent of performance, which are from the nature of the case so interdependent as to constitute, for the purposes of review, a single, indivisible question of fact, and the conclusion is therefore final'." *Fox* v. *Kinney,* 72 Conn. 404, 407, 44 Atl. 745.

The question of legal liability became purely that of prudent conduct under the circumstances of the particular case, and no violation of law by the trial court is apparent upon the record. In such a case the conclusion of the trial court as to negligence, or legal liability, including the measure of duty as well as the

extent of performance, is final. *Lawler* v. *Hartford Street Ry. Co.,* 72 Conn. 74, 81, 43 Atl. 545, and cases there cited.

There is no error.

In this opinion the other judges concurred.