JOSEPH GRAY, ADMINISTRATOR AD PROSEQUENDUM, ETC., PLAINTIFF-RESPONDENT, v. SHEFFIELD FARMS COMPANY, INCORPORATED, ET AL., DEFENDANTS-APPELLANTS.

Argued May 9, 1935—Decided August 20, 1935.

Before BROGAN, CHIEF JUSTICE, and Justices LLOYD and DONGES.

For the appellants, *Autenrieth & Worlendyke*.

For the respondent, *Andrew O. Wittreich*.

PER CURIAM.

This is an appeal from a judgment of the Hudson County Court of Common Pleas entered upon the verdict of a jury. Plaintiff sued as administrator *ad prosequendum* of the estate of his wife, who was killed in a collision between an automobile owned and driven by the plaintiff and a milk wagon of the defendant Sheffield Farms Company, Incorporated, driven by the other defendant, Walter Krug.

The accident occurred around three A. M. on November 19th, 1933. Plaintiff and his wife were in his car proceeding northerly on Prospect avenue, Ridgefield, when suddenly,

according to plaintiff, the milk wagon, which had been proceeding southerly on this street, turned to its left across the street in front of plaintiff. He testified that the driver was not on the milk wagon at the time. No more extended statement of the facts seem necessary.

The first point is that it was error to permit two witnesses to testify to having observed the horse and wagon in question left unattended on prior occasions and as to the behavior of the horse on those occasions. This line of examination was permitted for the purpose of showing that the horse had a tendency to wander when left unattended and that there was knowledge of this trait on the part of the defendant. Appellants in their brief argue that this amounted to permitting evidence of other facts of negligence in contravention of *Quellmalz* v. *Atlantic Coast Electric Railway Co.*, 94 *N. J. L.* 474; 110 *Atl. Rep.* 914, and other cases, in that the leaving of the horse untied was charged as negligence and testimony of these acts was evidence from which the jury might believe, that since the horse had been left alone before, it was alone on this occasion. However, it was not admitted for that purpose and the trial judge specifically said to the jury on each occasion that they were not to consider it for that purpose, but merely to consider whether there was knowledge on the part of defendants that the horse did have a tendency to roam about the highway in a manner that might be dangerous to others. One witness said he had seen the horse move up out of the gutter to the center of the road, apparently not liking to stand on the sharp incline of the street, and the other said he had seen the horse move alone from one side of the street to the other.

Such evidence is competent and material. In *Marshall* v. *Suburban Dairy Co.*, 96 *N. J. L.* 81; 114 *Atl. Rep.* 750, this court, in determining a rule to show cause, set aside a verdict for the defendant because of evidence that a horse drawing a milk wagon had a tendency to start before the driver reached the wagon and a tendency not to proceed in a straight line. It does not appear that there was any objection in that case to the admission of the testimony, but at any rate the Supreme Court considered it as competent and set aside the verdict.

The second point is directed to the following remarks of the trial judge in the course of the cross-examination of the witness Schmidt:

"In order to eliminate any ambiguity I am going to ask this question point blank—the other day I was trying a case in which an element of this sort crept into the case and after the verdict was brought in I was very much surprised and I interrogated one of the jurors and he said he thought all the people were drunk—and I am going to ask this question point blank: Was this man intoxicated, the plaintiff in this suit?"

The witness then answered no. The incident occurred after counsel had elicited from Schmidt, who was a bartender at the club where plaintiff and his wife had spent the evening, a statement that they had been served beer.

The recent case of *Pleva* v. *Goodzeil,* 114 *N. J. L.* 399; 176 *Atl. Rep.* 706, is relied on, but in that case the remarks concerning a prior case dealt with "what some juror in another case had said in the jury room, together with a ruling on the eligibility of a certain class of juror." The instant case seems quite different. Furthermore, in the Pleva case counsel (who is also counsel for appellants here) asked for a mistrial and it was because of the refusal of this motion that the reversal was ordered. In the instant case an exception was taken but the court was not asked to do anything to correct the situation. It seems the remarks were quite harmless because the accusation of drunkenness did not enter any further in the case.

The next point is that the evidence "failed to support an inference" of negligence. The argument seems to be directed toward the weight of the evidence. It surely cannot be said that there was no evidence at all to go to the jury. Plaintiff's testimony and the testimony that the driver was not on the wagon raised a jury question as to negligence, and the case submitted was within the pleadings.

The last point deals with a statement in the court's charge to which no exception was taken and it cannot be considered.

The judgment is affirmed, with costs.