STANLEY DUDEK, PLAINTIFF-RESPONDENT, v. JOSEPH J. JANESKO AND JOHN BALA, DEFENDANTS-APPELLANTS.

Argued May 4, 1937—Decided July 21, 1937.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and PARKER.

For the plaintiff-respondent, *Saul Lehr* (*Frank Cohn,* of counsel; *Abraham L. Grossman,* on the brief).

For the defendants-appellants, *Edwards, Smith & Dawson* (*Raymond Dawson,* of counsel).

BROGAN, CHIEF JUSTICE. This is the defendants appeal from a judgment for the plaintiff entered in the Union County Court of Common Pleas. The suit arose out of a collision of the automobiles of the respective parties and the plaintiff sought damages for personal injuries, medical expenses, and property damage to his car. It is unnecessary to relate the facts since the challenge to the judgment attacks only the ruling of the court on the admission of evidence.

The ruling, which is attacked as error, was made when the plaintiff took the stand and was asked if he were married. He replied that he was. Then came this question: "How many children have you?" Defense counsel objected to the question as immaterial. The objection was overruled and an exception to the ruling noted. Plaintiff answered that he had nine children. Clearly this was immaterial and irrelevant and, we think, harmful. This elicited information

could not possibly have any legitimate bearing on the plaintiff's right to recover for the alleged negligence of the defendant in the automobile collision. The court said nothing in the charge to the jury to soften or nullify the effect of this immaterial and irrelevant information. In our view, the question was asked for the purpose of letting the jury know that the plaintiff had a large family to support. Even if that was not the intention it could hardly fail to have the effect of creating a feeling of sympathy in the minds of the jurors and thus bring about an increase in the damages that were awarded, or perhaps unconsciously give rise to a more favorable consideration by the jurors of the evidence of the plaintiff in the matter of the defendants' liability. Compare *Peterson* v. *Thomas,* 105 *Conn.* 625; 136 *All. Rep.* 687; *Pennsylvania Railroad* v. *Roy,* 102 *U. S.* 451. It is elementary that in actions for personal injuries the exigencies of the plaintiff should play no part in the award of compensatory damages.

The judgment is reversed, and a *venire de novo* allowed.