ARTHUR A. FOGARTY *v.* E. J. KELLEY COMPANY.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, JS.

Argued June 6—decided July 12, 1939.

*Lester W. Schaefer,* with whom, on the brief, was *Jonathan F. Ells,* for the appellant (defendant).

*Jacob Bresnerkoff,* for the appellee (plaintiff).

BROWN, J. In this action to recover for damage to the plaintiff's truck by a collision with the defendant's truck the court found these material facts. At about 3 a.m. on January 7, 1938, the plaintiff's six-ton truck, as it proceeded westerly on the state highway up Nepaug Hill in New Hartford, became stalled because of the icy condition of the highway and stopped at a point about eight hundred and fifty feet from the top,

with its right rear wheel against the snow bank on the north side of the road and its right front wheel about four feet therefrom, so that its front end extended into the highway to within two or three feet of the center line. There was a bank of snow along each shoulder of the highway with about twenty-three feet of clear road between. At the top of the hill on the south side of the road is a state highway "hill" sign. From this point the highway extends easterly on a vertical curve for four hundred feet with a down grade of 6.75 per cent., continues easterly on a down grade for twelve hundred and twenty feet, then extends easterly on a vertical curve for five hundred and ten feet with a down grade of slightly more than 4 per cent., and flattens out to the east practically level. The highway surface is a hard black oiled macadam and the curve near the top of the hill is banked so that the southerly side is lower than the northerly, while from a point two hundred and sixty feet west of the place where the plaintiff's truck stopped the road is so banked on the other curve that the northerly is lower than the southerly side. Fifteen or twenty minutes before the plaintiff's truck stalled, John Heffernan's automobile, as it proceeded up the hill, had become stalled because of the icy condition of the highway, and stopped on the north side of the road at a point forty to fifty feet west of the place where the plaintiff's truck later stopped. Until after the trucks collided it remained in this position headed west with its headlights unlighted. At the time of the collision the surface of the highway, from a point one hundred feet west of where the Heffernan car stopped to the bottom of the hill, was covered with ice which was not sanded. It had been raining hard that night and the rain was heavy at the moment of the collision. After the plaintiff's

truck stopped its driver placed three lighted flares on the highway, one fifteen or twenty feet east from the left side of the truck, one two or three feet from its left at the center, and another fifteen feet from its left front. These were visible at least two hundred feet to the west.

At about 4 a.m. the defendant's driver drove its two and one-half ton truck carrying a load of between three thousand six hundred and four thousand pounds, along this road easterly approaching the top of the hill. Its truck was sixteen feet long with dual rear wheels, and had tires with treads in good condition but no chains on any of its wheels. It was equipped with brakes in good condition and a windshield wiper which was operating properly. Prior to and at the time of the collision its headlights were lighted. The defendant's driver had driven over this highway several times a week for twelve years and knew that this was a steep hill and that the highway was black oiled macadam which was slippery when wet. He drove the truck over the top of the hill at a speed of from thirty to thirty-five miles per hour in high speed, and did not shift the gear into any other speed. He did not slacken its speed and did not apply its brakes as it continued down the hill. He first observed the flares when approximately one hundred and fifty feet from the plaintiff's truck and did not see the Heffernan car until he came opposite it. He did not discover the icy condition of the highway until after the defendant's truck was on the ice. After all of the truck's wheels were on the ice on its right side of the highway it started to skid. The driver attempted to straighten out the front wheels to prevent the rear end from sliding around. It continued to skid down the hill, however, turned around and its rear end swung to the left,

collided with the left front of the plaintiff's truck and damaged it. The defendant's truck continued to skid a further distance of approximately fifty feet after the collision and stopped against the snow on the north side of the road.

The defendant is entitled to no correction of the finding which would materially affect the assignments of error attacking the court's conclusions and its overruling of the defendant's claims of law. The questions thus presented for determination are whether, on the facts found, the court was warranted in concluding that: the plaintiff's driver was free from contributory negligence; the defendant's driver was negligent in driving at an excessive speed under the circumstances, in failing to keep the defendant's truck under proper control, and in failing to maintain a proper lookout when he knew or should have known of the slippery condition of the highway and of the presence of the plaintiff's truck; and this negligence of the defendant's driver caused the defendant's truck to skid and the consequent damage to the plaintiff's truck.

The defendant's contention upon the issue of contributory negligence is confined to the claimed failure of the plaintiff's driver to comply with General Statutes, Cum. Sup. 1935, § 611c. This requires that under the circumstances shown by the finding the operator of the stalled truck "shall cause such emergency equipment [flares, flaring candles, torches, lanterns or other approved devices] to be kept lighted, in such manner as to be visible for at least two hundred feet in front and in the rear of such motor vehicle. . . ." The court's express finding that the plaintiff's driver placed the three flares as stated and that these were visible at least two hundred feet to the west, makes clear his full compliance with the statute and affords a complete answer to the defendant's claim.

The burden of the defendant's argument upon the issue of its negligence is, in the words of its brief, "that the sole cause of the collision was the skidding of the defendant's truck brought about by the icy surface of the highway and not because of any negligent conduct on the part of the operator of the defendant's truck." This claim is directly refuted by the pertinent facts found which are recited in the second paragraph of this opinion. Whether the defendant's driver was negligent in proceeding as he did under the circumstances was a question of fact for the trier's determination. These circumstances afford ample support for its conclusion that he was negligent in all three respects found. This is " 'a conclusion upon the questions of the measure of duty and the extent of performance, which are from the nature of the case so interdependent as to constitute, for the purposes of review, a single, indivisible question of fact, and . . . is therefore final.' " *Peterson* v. *Thomas,* 105 Conn. 625, 627, 136 Atl. 687; *Fox* v. *Kinney,* 72 Conn. 404, 407, 44 Atl. 745; *Farrell* v. *Waterbury H. R. Co.,* 60 Conn. 239, 257, 21 Atl. 675. The facts found leave no doubt that this negligence persisted and continued operative up to and at the time when the defendant's truck came onto the icy surface of the road. Therefore the further conclusion that it was a substantial factor in producing the skid of the defendant's truck in the course of which the collision immediately ensued, was one which violated no principle of law and could be reasonably and logically drawn. This also was a question of fact for the trier. *James* v. *Von Schuckman,* 115 Conn. 490, 493, 162 Atl. 3. The court did not err in concluding that the negligence of the defendant's driver was the proximate cause of the plaintiff's damage. See *DeAntonio* v. *New Haven Dairy Co.,* 105

Conn. 663, 669, 136 Atl. 567; *Baum* v. *Atkinson,* 125 Conn. 72, 75, 3 Atl. (2d) 305.

There is no error.

In this opinion the other judges concurred.