59 N.J. Super. 110 (1960)
157 A.2d 346
PETER R. TROAST, PLAINTIFF-RESPONDENT,
v.
ANTHONY LASCARI, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 21, 1959.
Decided January 11, 1960.
*112 Before Judges GOLDMANN, CONFORD and FREUND.
Mr. Joseph V. Cullum argued the cause for defendant-appellant (Mr. Joseph P. Palladino, attorney).
Mr. John P. Holly argued the cause for plaintiff-respondent (Messrs. Mendez & Ruckert, attorneys).
The opinion of the court was delivered by FREUND, J.A.D.
Plaintiff Peter R. Troast instituted this action to recover the reasonable value of engineering and surveying services which he rendered at the request of defendant Anthony Lascari. Plaintiff valued his services at $1,650. Defendant denied having engaged the plaintiff for any purpose other than the making of one survey and three plot plans. The issues thus posed for trial before the Bergen County Court, Law Division, were the extent of the work plaintiff was requested to do and the reasonable value thereof. After a lengthy trial, the jury deliberated almost two hours before returning a unanimous verdict for plaintiff for $1,550. His motion for a new trial was denied, and defendant prosecutes this appeal.
Plaintiff, a professional engineer and land surveyor, testified that in October 1957 the defendant came to his home, said that he was in the process of buying land in the Borough of Little Ferry, and requested plaintiff to make a survey of the property and to "lay it out in various plots of land or *113 subdivisions." Defendant intended to subdivide the tract and erect one-family homes thereon. Plaintiff proceeded to do the work, which included surveying the tract, checking with the title searcher, preparing plot plans to be submitted to the municipality's planning board, drawing maps showing new streets and proposed new sewers and grades, and the field work of three men to locate the sewers and survey the tract. Although the zoning ordinance provided for 50' x 100' lots, defendant ordered plaintiff to lay out the tract in 50', 60', and 75' plots so that defendant could present the planning board with alternative subdivisions.
In January 1958 defendant instructed plaintiff to discontinue the work, because a change in zone from residential to industrial use was imminent. Although the change never materialized, defendant did not order plaintiff to continue with the work but engaged another engineer, Mr. Florio C. Job, Borough Engineer of Little Ferry and other municipalities. Plaintiff subsequently rendered a bill for $1,650.
Defendant brings this appeal, asserting that certain errors were committed at the trial resulting in a denial of substantial justice and therefore warranting a new trial. Defendant does not dispute being liable to plaintiff for some amount and does not contend that the verdict of $1,550 was excessive or the result of compromise.
It is first urged that the trial court permitted plaintiff's counsel to ask an improper question of the defendant on cross-examination. Defendant was asked:
"Q. Mr. Lascari, isn't it a fact that you went and engaged Mr. Job to do the sub-division work on this property because you were told by someone that unless you engaged Mr. Job, you would never get sub-division approval?
Mr. Palladino: I object to this question as being irrelevant and immaterial to the issues in this matter.
The Court: I will allow it.
A. No.
Q. It is not a fact? A. No."
Defendant asserts the question implied that Job, the expert witness later called by defendant, was guilty of unscrupulous *114 business practices and that the defendant was the willing giver of a bribe in order to obtain approval of his intended subdivision. It is contended that the improper information contained in the question destroyed the value of Job's subsequent expert testimony and prejudicially injected into the case the issue of defendant's character.
The character of a party in a civil cause is generally inadmissible as substantive proof. Rittenhoffer v. Cutter, 83 N.J.L. 613, 615 (E. & A. 1912); Gouse v. Rowe, 1 N.J. Misc. 611 (Sup. Ct. 1923); 1 Wigmore, Evidence, § 64 (3d ed. 1940); 32 C.J.S. Evidence § 423 (1942). Cf. State v. Arbus, 54 N.J. Super. 76, 82, 83 (App. Div. 1959). But we do not agree that the inquiry had the effect of blackening defendant's character. In that regard it is reasonably subject to the imputation that defendant yielded to official coercion involuntarily. Moreover, defendant's counsel did not object to the question as prejudicial but only as being "irrelevant and immaterial" to the issues framed. Significant it is, too, that the defendant denied that he hired Job because "someone" had told him such would be necessary to obtain municipal approval. But more important, the question did have relevance to the issues in the case. Plaintiff contended he had been hired to draw all the maps required for the subdivision, and not just the one survey and three plot plans. Defendant offered no explanation for making a change in engineers. Defendant previously testified that when he had engaged plaintiff, he had no intention to have any other surveyor draw up the subdivision plans. A showing on cross-examination that he discharged plaintiff prematurely and for reasons other than any inefficiency in the doing of the work would have tended to support plaintiff's factual version as to the extent of the work originally ordered by the defendant, and therefore the inquiry was relevant.
Our courts have justifiably been concerned with prejudicial questions asked by counsel during trial where the subject matter was clearly irrelevant to the issues, e.g., Dudek v. Janesko, 118 N.J.L. 420 (Sup. Ct. 1937), affirmed per *115 curiam 120 N.J.L. 214 (E. & A. 1938), but such is not the case here. Since the question was relevant for the purpose noted and since the objection thereto was general and not based on the grounds of possible prejudice, Jones v. Lahn, 1 N.J. 358, 361 (1949), the trial judge did not abuse his discretion in permitting cross-examination on this subject. Miller v. Trans Oil Co., 33 N.J. Super. 53, 59, 60 (App. Div. 1954), affirmed 18 N.J. 407 (1955).
It is argued that counsel should not be permitted, on cross-examination, and in the guise of attempting to impeach the witness, to ask questions of this nature unless he has evidence factually justifying the imputation conveyed by the question. We agree to this extent: Questions impeaching the character of a witness by innuendo or insinuation, and not otherwise relevant to the actual inquiry, should not be asked unless the cross-examiner has reasonable grounds for believing that the implication contained therein is well founded. See McCormick, Evidence (1954), § 41, p. 86; 3 Wigmore, Evidence (3d ed. 1940), § 780(c), p. 137, and § 983. Cf. State v. Steensen, 35 N.J. Super. 103, 108-09 (App. Div. 1955). But defendant is in no position to assert that plaintiff's counsel did not have reason to suppose that defendant was in fact required to engage Job in order to obtain subdivision approval. As stated, defendant's counsel did not object to the question as containing a factually insupportable implication, and his adversary was thus not apprised of any necessity to represent to the court that there existed a foundation for the question. Any impropriety in the cross-examination was not made the basis of a specific objection, and the allowance of the question and answer, therefore, is not legal error on which to support a reversal. Quellmalz v. Atlantic Coast Electric Ry. Co., 94 N.J.L. 474, 475 (E. & A. 1920); Iverson v. Prudential Ins. Co., 126 N.J.L. 280, 282 (E. & A. 1941); 3 Am. Jur., Appeal and Error, §§ 346, 347 (1936).
Nor are we persuaded that the question damaged Job's character or value as a witness. The verdict awarded plaintiff *116 $100 less than the amount claimed. While Job testified that he would not have charged as much, he also testified that plaintiff's charges were not unreasonable, except for the inclusion of $100 for retracing a map. In reducing plaintiff's recovery by that amount, the jury obviously gave credence to Job.
The second assignment of error relates to the trial court's excluding from evidence a fee schedule promulgated by the Bergen-Passaic Association of Professional Engineers and Land Surveyors and sought to be introduced by the defendant as bearing upon the reasonableness of plaintiff's charges. The court's ruling that the Association's schedule was not admissible was based on testimony that the minimum charges therein set forth are not binding on engineers and that therefore "the real testimony * * * would be this man's opinion rather than what some committee said that they would like to see. * * * Now, what he happens to know, that is another thing." Job subsequently testified in detail, giving his personal opinion of the value of plaintiff's services.
Defendant asserts this ruling was "directly contra" to the holding of Hankin v. Hamilton Tp. Bd. of Education, 47 N.J. Super. 70, 81 (App. Div.), certification denied 25 N.J. 489 (1957). In that case, a fee schedule of the American Institute of Architects had been admitted into evidence on the question of the reasonableness of architects' fees in connection with certain school buildings. We found the practice unobjectionable, pointing out that R.S. 30:3-8 expressly provided that, in the construction of certain public buildings, architects were not to be paid a rate in excess of the Institute's minimum charges. 47 N.J. Super., at page 81.
In the instant case the plaintiff was free to charge more than the fee schedule indicated. If, on the other hand, the trial judge may have erred in excluding this proof, we conclude that no harm was thereby visited upon defendant's case. Job testified fully as to the reasonable value of plaintiff's *117 services, and his opinion was undoubtedly influenced by his knowledge of the minimum fee schedule. Errors in the exclusion of evidence which do not affect the substantial rights of a party must be disregarded. R.R. 1:5-3(b); R.R. 4:63-1.
Defendant next refers us to numerous incidents occurring during the trial, any one of which concededly would not warrant a new trial but which, in cumulative effect, are said to have resulted in the denial of a fair trial. Improper remarks of plaintiff's attorney are noted, and the trial judge's allegedly extensive role in participating in the examination of witnesses is criticized. We have carefully reviewed the record and are well satisfied that none of the cited incidents was prejudicial to the degree of affecting any substantial right of the defendant. It has been repeatedly recognized that the trial judge may, within the bounds of judicial propriety, participate in the trial by the interrogation of a witness. Lawton v. Virginia Stevedoring Co., 50 N.J. Super. 564, 580 (App. Div. 1958). Defense counsel's cross-examination of the plaintiff was tedious and at times devoid of probative value, and it was proper for the trial judge to intervene as he did.
Lastly, defendant complains of that portion of the charge to the jury wherein the trial judge said that defendant would be liable if he accepted the benefit of plaintiff's work, even though he did not order it. It is argued that this instruction is not an accurate statement of the law, in that the acceptance of the work must be under such circumstances as would negate the idea that the services were intended to be gratuitous. Shapiro v. Solomon, 42 N.J. Super. 377, 383 (App. Div. 1956). While noting that there was no evidence from which the jury might have inferred that the services were gratuitous, we are precluded from considering the point as a proper basis for reversal, counsel not having objected to the charge at the trial. R.R. 4:52-1.
Judgment affirmed.